**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| DAVID HALL,<br><br>  PLAINTIFF,<br><br>vs.<br><br>VIKING COLLECTION SERVICE, INC.,<br><br>  DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, David Hall ("Plaintiff" or "Hall") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, Viking Collection Service, Inc. (hereinafter "Defendant" or "Viking"), alleges as follows:

## I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff, David Hall, is a natural person residing in De Soto, Iowa.

4. Defendant, Viking, is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Chase Card Services, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. Sometime in April, 2011, the Plaintiff defaulted on his credit card payment on his Chase Card Services Account. (Account ending in 0172). The account was held solely in the Plaintiff's name.

11. At some point in time the account was transferred to the Defendant for collection.

12. In December 2011, the Defendant contacted the Plaintiff's mother, Violetta Hall, by telephone with regard to the Plaintiff's credit account. The Defendant disclosed that the Plaintiff was in default on his account and a balance was owed in the amount of $10,069.84 and that the Plaintiff had been past due on the account since April 2011.

13. At no point in time did the Plaintiff give the Defendant permission to communicate with any third party with regard to his account. At no point in time did the Plaintiff give the Defendant permission to disclose information with regard to his account with third parties.

14. The Defendant forwarded correspondence to the Plaintiff's mother dated December 08, 2011. Said correspondence identified the following information including but not limited to: the Plaintiff's full account number, the balance owed in the amount of $10,069.85 and an offer to settle the account in the amount of $5,034.93. The correspondence further noted that settlement must be received no later than December 12, 2012 per the previous telephone conversation.

15. The Plaintiff's mother forwarded a Cashier's check made out to the Defendant dated December 09, 2011 in the amount of $5,034.93.

16. Violetta Hall forwarded correspondence to the Plaintiff dated December 09, 2011. Ms. Hall explained in the letter that the Defendant had contacted her and stated the Plaintiff was in default on his credit card account with Chase in the amount of $10,069.85 and had failed to make a payment since April 2011. Ms. Hall further stated that she went ahead and settled the account in the amount of $5,034.93. Enclosed with Ms. Hall's correspondence included a copy of the cashier's check and a copy of the Defendant's collection correspondence dated December 08, 2011 addressed to the Plaintiff and identifying his account information.

17. Ms. Hall's letter to the Plaintiff was the first time the Plaintiff became aware that the Defendant had contacted his family and the events that took place thereafter.

18. At no point in time did the Plaintiff agree to settle the account with the Defendant or authorize his mother, Violetta Hall, to settle the account on his behalf.

19. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, humiliation, frustration, anger, stress, nervousness, loss of sleep and anxiety.

## V.  FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 18.

21. Viking and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of a debt to third parties without the consumer's permission.

    b. The Defendant violated 15 U.S.C. § 1692f(1) through the use of unfair or unconscionable means to collect or attempt to collect a debt and the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

22. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

23. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

24. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

### VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

25. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24.

26. Viking and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692c(b); 1692f(1); and

   b. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating in connection with the collection of a debt the fact of a debt to a person who might reasonably be expected to be liable for the debt, expect with the written permission of the debtor.

27. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

28. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII. PLAINTIFF'S THIRD CAUSE OF ACTION: INVASION OF PRIVACY

30. As a result of the Defendant's communication with and disclosure of the Plaintiff's financial affairs with his mother, Violetta Hall, the Defendant violated the Plaintiff's right to privacy.

31. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

32. The Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

33. The Plaintiff had a reasonable expectation of privacy in the Plaintiff's solitude, seclusion, and or private concerns or affairs.

34. These intrusions and invasions by the Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant, Viking Collection Service, Inc., in an amount representing full and fair compensation for the injuries and damages as set forth above, and for such other relied as may be just under the circumstances.

## VIII. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256

                Marks Law Firm, P.C.
                4225 University Avenue
                Des Moines, IA 50311
                (515) 276-7211
                (515) 276-6280
                ATTORNEY FOR PLAINTIFF